IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| TERRY W. EMMERT, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 120176N |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals the real market value of property identified as Account R412501

(subject property) for the 2011-12 tax year.  A trial was held in the Tax Courtroom in Salem,

Oregon on October 30, 2012.  Plaintiff appeared and testified on his own behalf.[1]  Christopher P.

Werner appeared on behalf of Defendant.  Svetlana S. Motsiff (Motsiff), Commercial Appraiser

2, testified on behalf of Defendant.  Plaintiff offered exhibits at trial.  Defendant objected and the

court excluded Plaintiff's exhibits because they were not timely exchanged under Tax Court

Rule-Magistrate Division (TCR-MD) 10, which states: "all exhibits must be either postmarked at

least 14 days before the trial date or physically received at least 10 days before the trial date."

Defendant's Exhibit A was received without objection.

After Plaintiff had concluded his testimony, Defendant verbally moved to dismiss

Plaintiff's appeal, arguing that Plaintiff failed to provide any evidence as to the 2011-12 real

market value of the subject property.  The court denied Defendant's motion to dismiss under Tax

Court Rule (TCR) 60 and the standard provided in prior decisions of this court.[2]  In order to

---

[1] Plaintiff is represented by counsel in this matter.  Plaintiff's counsel did not appear at trial and, as of the date of this Decision, has not filed a motion to withdraw as Plaintiff's counsel.  At trial, Plaintiff reported that his counsel was scheduled for a hearing before another court on the date of trial.

[2] TCR 60 is made applicable through the Preface to the Magistrate Division rules, which states in pertinent part that, "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

prevail under TCR 60, "the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims. The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373-74 (2005) (citations omitted).

This issue presented in this appeal is the 2011-12 real market value of the subject property. The value of property is ultimately a question of fact to be determined by the court. *Chart Development Corp. v. Dept. of Rev.*, 16 OTR 9, 11 (2001) (citation omitted). Plaintiff provided meager evidence of the 2011-12 real market value of the subject property. However, under *Freitag*, the court will not weigh the evidence and must consider the record "in the light most favorable" to Plaintiff. Finding that the credibility and persuasiveness of Plaintiff's testimony were questions of fact to be weighed, the court denied Defendant's motion to dismiss.

## I. STATEMENT OF FACTS

The subject property is 8.15 acres of land located in the "general industrial or M-1 zone." (Def's Ex A at 12-13.) The subject property is improved with a "horse arena, horse stables and a manufactured home. The arena and stables were built in 1968." (*Id.* at 13.) Motsiff testified that the subject property is located in a "mixed use" neighborhood in Cornelius. (*See id.* at 12.)

Plaintiff testified that he purchased the subject property for around $450,000 in 2004. He testified that, at some point prior to 2004, the subject property had been zoned "EFU" [exclusive farm use]; it was subsequently annexed into the City of Cornelius (City) and changed to an industrial zone. Plaintiff testified that he considers the character of the subject property to be agricultural, not industrial. He testified that, since purchasing the subject property, he has attempted to make several uses of it, including horse boarding and a truck repair shop. Plaintiff

testified that he leased the subject property for horse boarding beginning in 2008. He testified that he received income from horse boarding in 2011, but the precise amount of income was unclear from Plaintiff's testimony. Plaintiff testified that the City has issued citations to his tenants and forced them to move, asserting that horse boarding and truck repairs are not permissible under the zone. He testified that the City's determination that the subject property may not be used for horse boarding was issued in April 2012, but overturned by the City Planning Commission in October 2012. Plaintiff testified that, in his opinion, the value of the subject property used for horse boarding is $250,000. He testified that he would consider the value of the subject property to be $400,000 if industrial uses were allowed.

Motsiff provided a copy of the "Cornelius Municipal Code" for the "General Industrial Zone (M-1)." (Def's Ex A at 37.) She noted that the "permitted uses" in the zone include "manufacturing, processing, or storage"; truck repair; "cabinet shop, light metal fabrication shop, [and] machine shop"; and "research and development facilities." (*Id.*)

Motsiff analyzed the highest and best use of the subject property and determined that the highest and best use of the subject property as improved was not legally permissible or maximally productive as of January 1, 2011. (Def's Ex A at 14-15.) As a result, she concluded that "the existing buildings do not contribute value to the [subject] property" and valued the subject property as vacant with "with consideration of demolition costs of all existing structures." (*Id.* at 15.) Motsiff used the sales comparison approach to determine the value of the subject property land. (*Id.* at 33-34.) She identified six comparable land sales and two listings, based on which she concluded a price of $2.50 per square foot, or $887,500, for the subject property land. (*Id.* at 34.) Motsiff subtracted $49,000 for "demolition costs" and

/ / /

concluded a real market value of $838,500 for the subject property for the 2011-12 tax year. (*Id.* at 34-35.)

The 2011-12 roll real market value of the subject property was $1,255,230, with $1,038,380 allocated to the land and $216,850 allocated to the improvements. The board of property tax appeals sustained those values. The 2011-12 maximum assessed value of the subject property was $606,050. Although Motsiff determined that the 2011-12 real market value of the subject property was $838,500, she stated that Plaintiff would not receive any tax savings if the 2011-12 real market value of the subject property were reduced to $838,500.

## II. ANALYSIS

The issue before the court is the real market value of the subject property for the 2011-12 tax year. "Real market value is the standard used throughout the ad valorem statutes except for special assessments." *Richardson v. Clackamas County Assessor* (*Richardson*), TC-MD No 020869D, WL 21263620 at *2 (Mar 26, 2003) (citations omitted). Real market value is defined in ORS 308.205(1), which states:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."[3]

The assessment date for the 2011-12 tax year was January 1, 2011. ORS 308.007; ORS 308.210.

The real market value of property "shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue[.]" ORS 308.205(2). The three approaches of value that must be considered are: (1) the cost approach; (2) the sales comparison

/ / /

---

[3] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

approach; and (3) the income approach. OAR 150-308.205-(A)(2)(a). Although all three approaches must be considered, all three approaches may not be applicable in a given case. *Id.*

Plaintiff has the burden of proof and must establish his case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." *Poddar v. Dept. of Rev.,* 18 OTR 324, 332 (2005) (citing *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002)). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990). "[T]he court has jurisdiction to determine the real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412.

Plaintiff failed to present persuasive evidence in support of his requested reduction of the 2011-12 real market value of the subject property. Plaintiff testified that the use of the subject property has been restricted by the City. However, he presented no evidence in support of his testimony. Moreover, the applicable zoning code provided by Defendant sufficiently rebuts Plaintiff's testimony that industrial uses are not allowed on the subject property. Plaintiff evidently received income from the subject property in 2011, but failed to present evidence of the real market value of the subject property under the income approach.

Motsiff, an experienced commercial appraiser, determined that the highest and best use of the subject property was as vacant industrial land to be held for light industrial development. She presented persuasive evidence under the sales comparison approach that the value of the subject property land, less demolition costs, was $838,500. However, the court cannot order a

reduction of the 2011-12 real market value of the subject property to the value concluded by Motsiff because Plaintiff is not aggrieved under ORS 305.275(1). As discussed above, Plaintiff failed to carry his burden of proof and his appeal must be denied.

## III. CONCLUSION

After carefully considering the testimony and evidence presented, the court finds that Plaintiff failed to carry his burden of proof that the 2011-12 real market value of the subject property was either $250,000 or $400,000, as he requested. Defendant presented persuasive evidence that the 2011-12 real market value of the subject property was $838,500. However, the court cannot order a reduction of the 2011-12 real market value of the subject property to $838,500 because Plaintiff is not aggrieved under ORS 305.275(1). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this _____ day of December 2012.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on December 24, 2012. The Court filed and entered this document on December 24, 2012.*